COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT WORTH

 

 

                                       NOS.
 2-09-114-CR

        2-09-115-CR

        2-09-116-CR

 

 

ALLEN WADE GEIGER                                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 297TH
DISTRICT COURT OF TARRANT
 COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Allen Wade Geiger appeals his
convictions for assault of a public servant that caused bodily injury, evading
arrest or detention in a vehicle, and unauthorized use of a vehicle.  See Tex. Penal Code Ann. ''
22.01(a), (b)(1), 38.04(a), (b)(1)(B) (Vernon Supp. 2009), '
31.07(a) (Vernon 2003).  On June 17,
2008, with the assistance of counsel, Geiger entered into a plea bargain with
the State in which he pled guilty to each of these offenses, signed written
plea admonishments, and waived constitutional and statutory rights.  Under terms of the plea bargain, the trial
court convicted Geiger, ordered him to serve sixty days=
confinement, and placed him on community supervision in each of the three cause
numbers related to his offenses.

Three months later, the State filed petitions to
revoke Geiger=s community supervision because
he committed a new offense.  Through
preprinted pro se motions, Geiger attempted to withdraw his guilty pleas (on
the charges he had already been convicted of) and requested the trial court to
transform his third-degree felony assault conviction into a class A
misdemeanor.  Then, in March 2009, after
Geiger waived his right (with assistance of counsel) to have a reporter=s record
made of his revocation proceedings[2]
and entered open pleas of true to the State=s
petitions, the trial court sentenced him to two years=
confinement in each of the evading arrest or detention with a vehicle and
unauthorized use of a vehicle charges and four years=
confinement in the assault charge. 
Geiger filed his notices of these appeals.

Geiger=s
appointed counsel has filed a motion to withdraw from her representation of
Geiger; counsel has also filed a brief that satisfies the requirements of Anders
v. California by presenting a professional evaluation of the record
demonstrating why there are no arguable grounds for relief.  386 U.S.
738, 744B45, 87 S. Ct. 1396, 1400 (1967); see In re Schulman, 252
S.W.3d 403, 406B12 (Tex. Crim. App. 2008).  We sent Geiger a letter notifying him of his
counsel=s motion
and informing him of his right to file a pro se appellate brief.  We have not received any brief from Geiger,
nor have we received any communication from him indicating that he desires to
file such a brief.

As the reviewing court, we must conduct an
independent evaluation of the record to determine whether counsel is correct in
concluding that the appeal is frivolous. 
See Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays v. State, 904 S.W.2d 920,
923 (Tex. App.CFort Worth 1995, no pet.).  Only then may we grant counsel=s motion
to withdraw.  See Penson v. Ohio, 488 U.S.
75, 82B83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel=s Anders
brief.  We agree with counsel that
this appeal is wholly frivolous and that it is without merit.  We find nothing in the record that might
arguably support the appeal.  See
Bledsoe v. State, 178 S.W.3d 824, 827B28 (Tex. Crim. App.
2005).  Therefore, we grant counsel=s motion
to withdraw and affirm the trial court=s
judgment.

 

 

PER
CURIAM

 

PANEL:  LIVINGSTON, J.; CAYCE, C.J.; and MEIER, J.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  October 22, 2009











[1]See Tex. R. App. P. 47.4.





[2]A court reporter must, Aunless excused by
agreement of the parties,@ make a full record of
the trial court=s proceedings.  Tex.
R. App. P. 13.1(a).